FILED
SUPERIOR COURT
OF GUAM

2021 APR 22 PM 1: 34

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

TWAYLLA TAIGATUE and
CHARLES TAITAGUE,

          Plaintiffs,

          vs.

GUAM REGIONAL MEDICAL CITY,
KATRINA IBONIA, and
JOHN DOE INSURANCE COMPANY,

          Defendants.

Civil Case No. CV0559-19

**DECISION & ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM ORDER AND REQUEST FOR RECONSIDERATION**

---

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon upon submission of Plaintiffs' Twaylla Taitague and Charles Taitague ("Plaintiffs") Motion to Reconsider. Attorney Robert L. Keogh represents Plaintiffs, and Attorney Patrick Civille represents Defendant Guam Regional Medical City ("GRMC") and Katrina Ibonia (collectively, "Defendants"). Having duly considered the parties' briefs, the record on file in this matter, and the applicable law, the Court now issues the following Decision and Order **DENYING** Plaintiffs' Motion.

## PROCEDURAL HISTORY

On May 8, 2019, Plaintiffs filed their Complaint alleging two claims against Defendants: (1) tort claims for wrongful death and emotional distress, and (2) claims seeking

*Taitague vs. Guam Regional Medical City, et al., Civil Case No. CV0559-10*
*Decision and Order Denying Plaintiffs'*
*Motion for Relief from Order and Request for Reconsideration*
1 of 13

the declaratory judgment, and preliminary and permanent injunction that the MMMAA is unconstitutional. *Complaint* (May 9, 2019).

On January 27, 2020, Plaintiffs filed their Motion for Permanent Injunction and Declaratory Judgment that MMMAA is unconstitutional. *Mot. Declaratory Judgment and Permanent Injunction* (Jan. 27, 2020). Plaintiff Twaylla also filed her declaration establishing that she has no reliable source of income, is on public assistance for food and housing, and has no money to pay for the expenses of arbitration. *Decl.* (Jan. 27, 2020). Defendants filed their Opposition on February 24, 2020, arguing that Plaintiffs' motion is procedurally improper and should be denied under GRCP 56(f). *Opp'n* (Feb. 24, 2020). Plaintiffs filed their reply on March 16, 2020.

On January 24, 2020, Defendant filed their Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim under GRCP 12(b)(6), or alternatively to stay proceedings. *Mot. to Dismiss* (Jan. 24, 2020). Plaintiffs filed their Opposition on February 21, 2020, arguing that dismissal and a stay of the proceedings are improper because the Court can decide the constitutionality of the MMMAA. *Opp'n* (Feb. 21, 2020). Defendants filed their Reply on March 6, 2020.

On October 27, 2020, the Court issued its Decision and Order denying Plaintiffs' Motion for Declaratory Judgment and Permanent Injunction and granting Defendants' Motion to Dismiss without prejudice.

On December 9, 2020, Plaintiffs filed their Motion for Reconsideration under GRCP 60(b) arguing that the Court committed clear error by granting a dismissal while relying on a mistake of law or facts and that the dismissal should be reversed due to a change in governing law. *See generally Mot. for Recons.* (Dec. 9, 2020). Defendants filed their Opposition on

*Taitague vs. Guam Regional Medical City, et al., Civil Case No. CV0559-10*
*Decision and Order Denying Plaintiffs'*
*Motion for Relief from Order and Request for Reconsideration*
2 of 13

January 6, 2021, arguing that dismissal is proper because the remaining claims are subject to mandatory arbitration. *Opp'n* at. p. 5 (January 5, 2021). Plaintiffs filed their Reply on January 20, 2021, arguing that a change in circumstances existed warranting reconsideration. *Reply* at p. 8 (January 20, 2021). The Court took this matter under advisement on February 3, 2021 pursuant to CVR 7.1 of the Local Rules of the Superior Court of Guam.

## LEGAL ANALYSIS AND DISCUSSION

Plaintiffs move for reconsideration under 60(b), which allows a Court to grant relief from a final judgement, order, or proceeding in the instance of:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

GRCP 60(b).

Motions for reconsideration of trial court decision and orders are also governed by Superior Court of Guam Local Rule CVR 7.1(i) which provides that:

A motion for reconsideration of the decision on any motion may be made only on the grounds of:
(1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration and the time of such decision, or,
(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
(3) a manifest showing of a failure to consider material facts presented to the court before such decision.

*Taitague vs. Guam Regional Medical City, et al., Civil Case No. CV0559-10*
*Decision and Order Denying Plaintiffs'*
*Motion for Relief from Order and Request for Reconsideration*
3 of 13

Rule 60(b)(1) encompasses relief from judgements for "mistake, inadvertence, surprise or excusable neglect," which includes "mistakes in the application of the law." *Cristobal v. Siegal*, 2012 Guam 16 ¶ 8 (*citing Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 839-40 (11th Cir. 1982)). The Plaintiffs "point[ ] the Court to issues misconstrued as well as erroneous conclusions of law it reached . . ." *Reply* at 10. The "subsections of [Rule 60(b)] are mutually exclusive and '[t]hus if the circumstances alleged fall into any of the other categories allowing set aside, then relief under subsection (6) cannot be had.'" *Duenas v. Brady*, 2008 Guam 27 ¶ 13 (*quoting Brown v. Eastman Kodak Co.*, 2000 Guam 30 ¶ 14). Thus, as Plaintiffs are arguing for a mistake of fact or law in the issuing decision and order, the Court must analyze the current motion for reconsideration under Rule 60(b)(1).

The Court may only provide Plaintiffs relief if it finds that it "has made a substantive mistake of law or fact in the final judgment order." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). Finally, a party moving for reconsideration cannot use the motion "to present a new legal theory, raise arguments for the first time, or present evidence for the first time when they could have reasonably been raised earlier." *Guam Bar Ethics Comm. v. Maquera*, 2001 Guam 20 ¶ 9, (citing *Ward*, 1998 Guam 1 ¶ 13); *see also* Local Rule CVR 7.1(i).

It is undisputed that Plaintiffs filed their motion for reconsideration within a reasonable time. The Court now takes each argument for reconsideration in turn.

I. **PLAINTIFF PREVIOUSLY ARGUED AGAINST A STAY OF THIS CASE; THEREFORE, THE COURT GRANTED DISMISSAL.**

Plaintiffs argue that the Court committed clear error by dismissing the instant matter without prejudice rather than staying the proceedings, as required by the "clear and

*Taitague vs. Guam Regional Medical City, et al., Civil Case No. CV0559-10*
*Decision and Order Denying Plaintiffs'*
*Motion for Relief from Order and Request for Reconsideration*
4 of 13

unambiguous" language of 10 G.C.A. § 10114. *Mot. for Recons.* at p. 2. (Dec. 9, 2020); *Reply* at pg. 3 (Jan. 20, 2021). The Court is keenly aware of the "stay" provisions of the MMMAA:

> If any suit or proceeding is brought in the courts of Guam upon any issue referable to arbitration under this chapter, the court in which said suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under this chapter, shall *upon application of one of the parties*, stay all proceedings in the action until such arbitration has been had in accordance with the terms of this chapter.

10 GCA § 10114 (emphasis added). The Court points out that, in its Opposition to Defendants' Motion to Dismiss, or in the Alternative Stay Proceedings, despite Defendants' offer in the alternative to stay the proceedings pending arbitration, the Plaintiffs *unequivocally* opposed a stay of the proceedings, declaring as follows: "Under the circumstances presently before the court, a dismissal is not appropriate. Staying these proceeding and referring these issues to arbitration is equally unwarranted and improper." *Pl's Opp. to Def Guam Healthcare Dev., Inc.'s Mot. to Dismiss or In the Alternative Stay Proceedings* at p. 4 (Feb. 21, 2020)(emphasis added).[1] To the extent that the Plaintiffs did acquiesce to a stay of the instant case, such stay was only "until [Plaintiff's] Motion for Declaratory Judgment and Permanent Injunction is decided by the court." *Id.* at p. 1. At no time did the Plaintiff ask for the proceedings to be stayed pending arbitration. Thus, when this court disposed of Plaintiffs' Motion for Declaratory Judgment and Permanent Injunction, by the same Decision and Order the reconsideration of which is now urged by Plaintiffs, the extent of its assent to the stay was exterminated.

Now, however, the Plaintiffs suddenly urge the court to follow the "stay" provisions of the MMMAA and contend that the court's earlier decision dismissing the case was "clear error" despite the unequivocal language in Plaintiffs' earlier filing vehemently rejecting the

---

[1] In its first header alone, Plaintiff rejects stay of the proceedings as improper: "A dismissal and/or stay of these proceedings and referral to an arbitration panel is improper." *Id.* at p. 2.

*Taitague vs. Guam Regional Medical City, et al., Civil Case No. CV0559-10*
*Decision and Order Denying Plaintiffs'*
*Motion for Relief from Order and Request for Reconsideration*
5 of 13

Defendants' offer to stay the proceedings as an alternative to dismissal. As Plaintiff noted it its *Memorandum of Points and Authorities in Support of Motion for Reconsideration*, the provision of 10 GCA § 10114 is "clear and unambiguous" and the court "shall *upon application of one of the parties,* stay all proceedings until such arbitration has been had in accordance with the terms of this chapter." *Mem. for Reconsideration* at p. 3(emphasis added). While the named Plaintiffs may be unfamiliar with the legal consequences of invoking the stay provisions of Section 10114, Plaintiff's counsel cannot be said to be similarly unaware. Plaintiff's counsel correctly notes that Section 10114 is clear and unambiguous and the "stay" provisions are only invoked upon the application of one of the parties. If the party who would benefit from such a stay rejects the offer of a stay, it is unfathomable that the court would be required to compel it over such objection given the clear and unambiguous language of the statute.

The court's earlier decision to dismiss was not convoluted: Defendants sought a dismissal in the first instance, or *in the alternative,*[2] for a stay, based upon the court's lack of jurisdiction which was divested by the application of the MMMAA. Rather than agree to a wholesale stay of the proceedings, Plaintiffs unequivocally rejected a stay, except until the court ruled on their motion for declaratory judgment. That Plaintiffs have now changed their minds about a stay of the proceedings after the court denied their motion for declaratory judgment and permanent injunction is not circumstance contemplated under Rule 60(b). This back-peddling cannot be attributed to the Court as "clear error" when it was the Plaintiffs who rejected the stay offered by the Defendants in the alternative to dismissal. Once again, the "clear and

---

[2] "alternative" is defined as "a proposition or situation offering a choice between two or more things only one of which may be chosen" and "in the alternative" is defined as "for or as an *alternative*". *Merriam-Webster Online Dictionary, 2021.* https://www.merriam-webster.com/dictionary/alternative#legalDictionary (April 16, 2021). Defendants' motion was primarily for dismissal and the offer in the alternative cannot be reasonably construed to be an "application" for a stay particularly where dismissal is its primary request.

*Taitague vs. Guam Regional Medical City, et al., Civil Case No. CV0559-10*
*Decision and Order Denying Plaintiffs'*
*Motion for Relief from Order and Request for Reconsideration*
6 of 13

unambiguous" language of Section 10114 places the onus upon the party seeking a stay to apply for a stay. Indeed, the requirement of an application by the partying seeking a stay precedes the Court's obligation to grant it under the statute.

## II. NO CLEAR ERROR WAS COMMITTED BECAUSE THE COURT RATIONALLY BASED ITS DECISION ON EVIDENCE IN THE RECORD AND THERE WAS NO MISTAKE OF LAW OR FACT.

A trial court abuses its discretion when its decision is based on an erroneous conclusion of law or where the record contains no evidence on which the judge could have rationally based the decision. *Town House Department Stores, Inc. v. Hi Sup Ahn.* 2003 Guam 6 ¶ 27. Further, abuse of discretion only exists when there is "a definite and firm conviction that the trial court committed clear error of judgment." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). Finally, a trial court can only be reversed for abuse of discretion if it, "does not apply the correct law, rests its decision on a clearly erroneous finding of a material fact, or applies the correct legal standard in a manner that results in an abuse of discretion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006).

The MMMAA provides that "[a]ny claim ... whether in tort, contract, or otherwise, shall be submitted to mandatory arbitration ... if it is a controversy between the patient, [or] his relatives, ... and the health professional or health care institution, or their employees, ... and is based on malpractice, tort, contract, ... or any other alleged violation of a legal duty incident to the acts ... or services rendered ... by the health professional or health care institution." 10 G.C.A. § 10102. (emphasis added). The MMMAA further states that "[i]f any suit or proceeding is brought in the courts... upon any issue referable to arbitration..., the court in which said suit is pending..., *shall upon application of the parties*, stay all proceedings in the action until such arbitration has been had...." 10 G.C.A. § 10114. (emphasis added). "The

*Taitague vs. Guam Regional Medical City, et al., Civil Case No. CV0559-10*
*Decision and Order Denying Plaintiffs'*
*Motion for Relief from Order and Request for Reconsideration*
7 of 13

power to stay proceedings is incidental to the power inherent in every court to control the disposition for the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). If a change in circumstances renders the court's reasons for imposing the stay nonexistent or inappropriate, the court may lift the stay. *Id.*

Here, the Court has disposed of Plaintiffs' constitutionality claim holding that the MMMAA is constitutional. *Decision and Order* at p. 4 (Oct. 27, 2020). Plaintiffs' wrongful death claim is the only claim that remains. As discussed above, the Defendants sought dismissal in the first instance, not a stay. So Defendants cannot be considered to have applied for the stay under Section 10114. Plaintiffs also did not take any affirmative steps to apply for the stay and, indeed, unequivocally rejected it. Thus, applying the relevant material facts and applicable law, the Court's decision dismissing this matter without prejudice is rationally based and supported by the record and the law.

**III. BILL NO. 430-35 AND THE NICOLAS/DELA ROSA CERTIFIED QUESTION ARE NOT NEW LAW NOR A CHANGE IN THE LAW; THEREFORE, DISMISSAL IS APPROPRIATE UNDER THE APPLICABLE FACTS AND CURRENT GOVERNING LAW.**

Notwithstanding its earlier rejection of the stay proceedings of the MMMAA, the Plaintiffs now argue that staying the proceedings is proper, based upon (1) a non-final ruling in a lawsuit for medical malpractice before the District Court of Guam on diversity jurisdiction and (2) upon Bill No. 430-35 (LS) (the "Bill") which was introduced in the 35th Guam Legislature. Plaintiffs contend that these two purportedly intervening conditions qualify as "changed circumstances" justifying reconsideration pursuant to Local Rule CVR 7.1(i)(2). *Reply* at p. 9. The court disagrees and addresses each "changed circumstance" separately.

*Taitague vs. Guam Regional Medical City, et al., Civil Case No. CV0559-10*
*Decision and Order Denying Plaintiffs'*
*Motion for Relief from Order and Request for Reconsideration*
8 of 13

**A.      Bill No. 430-35 Was Not Acted Upon by the Guam Legislature before the term expired.**

Bill No. 430-35 was introduced in the 35th Guam Legislature and intended to repeal and replace chapter 10 of the MMMAA with a new Medical Malpractice Pre-Trial Act. Bill No. 430-35 (LS)(Dec. 15, 2020). The Bill was introduced in the 35th Guam Legislature on December 15, 2020, but not acted upon before the end of the term and is, therefore, not a change in the law warranting reconsideration.

Although not raised by the Plaintiffs, the Court takes judicial notice that on April 12, 2021, Bill No. 112-36 (COR) entitled "An Act To Add A New Chapter 10 to Division 1, Title 10, Guam Code Annotated; To Add a New § 42A101(j) of Chapter 42A, Division 3, Title 7, Guam Code Annotated; And, To Repeal Chapter 10 of Division 1, Title 10, Guam Code Annotated; All Relative to Medical Malpractice in the Territory of Guam" was introduced in the 36th Guam Legislature and has since been referred to the Committee on Health, Land, Justice and Culture as well as to the Bureau of Budget & Management Research for fiscal notes, as required under the law. Bill No. 112-36 (COR)(April 12, 2021). Bill No. 112-36 is not, however, a change in the law because it is still pending fiscal impact analysis and a public hearing and comment period. It would require a great deal of speculation at this time as to whether this pending legislation will be enacted into law and the court will not engage in such speculation under the circumstances.[3]

---

[3] It is noteworthy to mention that Bill No. 112-36 contains a provision which would apply the new law retroactively and includes the following language "**§ 10110. Effect of Chapter**. This chapter may apply to any claim that accrues before the date that the chapter becomes law, at the election of any party." The court makes no determination as to whether this provision would be enforceable or applicable in this case, should the bill ever pass into law. Again, such a determination would require a high degree of speculation, in which it is not appropriate for the court to engage.

*Taitague vs. Guam Regional Medical City, et al., Civil Case No. CV0559-10*
*Decision and Order Denying Plaintiffs'*
*Motion for Relief from Order and Request for Reconsideration*
9 of 13

Since the court issued its Decision and Order on October 27, 2020, Plaintiffs have begun the process under the MMMAA, including applying to the American Arbitration Association for an Administrative Fees Hardship Waiver. *See Decl. of Robert Keogh in Support of Pl's Reply to Def's Opp. to Pl's Mot. for Reconsideration* (Jan. 20, 2021)(the "Keogh Declaration"). In its earlier filing, Plaintiffs confirmed that upon a showing of financial hardship, the American Arbitration Association can waive or defer some or all of the administrative fees. *Pl's Opp. to Def. Guam Healthcare Dev, Inc.'s Mot. to Dismiss or In the Alternative Stay Proceedings* at 13 (Feb. 21, 2020). Plaintiffs have submitted to the court that, following the court's Decision and Order granting Defendant's Motion to Dismiss, it commenced arbitration under the MMMAA and seeks a waiver or deferral of the Administrative Fees of which Plaintiff have complained. Keogh Declaration ¶ 2, Exhibits (Jan. 20, 2021). Because the matter is proceeding as the MMMAA requires, there is no basis under Rule 60(b) for the court to reconsider its earlier Decision.

**B.      Pendency of the *Nicholas/Dela Rosa* cases in the District Court is not controlling upon this court.**

The *Nicholas/Dela Rosa* consolidated case pending in the District Court of Guam apparently involves an issue which this court has already ruled upon, specifically: the dismissal of a medical malpractice lawsuit due to a Plaintiff filing to comply with the provisions of the MMMAA.[4] However, the District Court has deferred disposition of those cases pending a certified question to the Guam Supreme Court, which the Guam Supreme Court in turn has stayed *indefinitely*, pending a factual determination by the District Court of the Plaintiffs' respective ability to pay the cost of arbitration. *See, Notice of Supp. Authority* (Feb. 2, 2021);

---

[4] These cases are consolidated before the Guam Supreme Court for the purposes of the certified question, which is indefinitely stayed.

*Taitague vs. Guam Regional Medical City, et al., Civil Case No. CV0559-10*
*Decision and Order Denying Plaintiffs'*
*Motion for Relief from Order and Request for Reconsideration*
10 of 13

*Order Staying Certified Question from the District Court of Guam,* Supreme Court Case No. CRQ20-001 (Jan. 20, 2021). An evidentiary hearing was apparently set before Designated Judge Ramona V. Manglona on February 19, 2021; however, the court has received no update on either the initial determination by the District Court on the issue of the Plaintiffs' indigence or on the pending certified question to the Guam Supreme Court.

The court acknowledges that the answer to the certified question currently before the Supreme Court and the possibility of the enactment into law of Bill No. 112-36 (COR) may directly affect medical malpractice cases in the future. However, both are in states of adjudication and enactment, respectively, the resolution or passage into law cannot be said to be imminent such that it impacts the case at bar. Therefore, the law governing this court's decision remains unchanged, as do the facts upon which the court's earlier decision is based. Consequently, the court is bound to interpret and enforce the existing statutory and case law of Guam and denies reconsideration on the Plaintiffs' asserted grounds of changed circumstances or a change in governing law.

**C.      There is no prejudice to Plaintiffs by the dismissal because they have the right to appeal the arbitration decision under 10 GCA Section 10139.**

Subsequent to the court's issuance of its Decision and Order, the Plaintiffs began the mandatory arbitration process under the MMMAA. *Keogh Decl.*[5] As Plaintiffs' counsel argued to James Daubert, Case Filing Supervisor with the American Arbitration Association, 10 GCA § 10139 provides for the right of appeal of any arbitration award to the Superior Court of Guam

---

[5] The court notes that 10 GCA § 10115 compels the court to make an order directing the parties to proceed to arbitration upon the failure, neglect or refusal of another party to arbitrate under the MMMAA. However, like the application for a stay in the first instance, Section 10115 requires that the party aggrieved by the alleged failure to arbitrate must affirmatively petition the Superior Court for such order and comply with the procedural requirements thereof. Defendants have not sought such an order of this court; therefore, the court dismissed this matter without issuing an order to arbitrate.

*Taitague vs. Guam Regional Medical City, et al., Civil Case No. CV0559-10*
*Decision and Order Denying Plaintiffs'*
*Motion for Relief from Order and Request for Reconsideration*
11 of 13

for a trial *de novo*. *Exhibit B, Keogh Declaration;* 10 GCA § 10139(a). Thus, Plaintiffs are not prejudiced by proceeding with the mandatory arbitration requirements of MMMAA by the court's dismissal without prejudice of this case, nor would the statute of limitations apply to bar a judicial determination of the Plaintiffs claims on appeal unless Plaintiffs failed to comply with the provisions of 10 GCA § 10105.

## Conclusion

The Court finds Plaintiffs' Motion for Reconsideration to be both internally inconsistent as well as contrary to its earlier filings. Plaintiff claims that, in dismissing rather than staying the instant lawsuit, the Court "was motivated by an erroneous perception of plaintiffs' actions. This is wrong as well as punitive." *Pl's Reply to Def's Opp. to Pl's Mot. for Reconsideration* at 2 (Jan. 20, 2021). This argument ignores the Plaintiff's wholesale rejection of a stay in response to the Defendants' Motion to Dismiss or in the Alternative for a Stay. Moreover, at no time has the Plaintiff applied for a stay of the instant case as required under the applicable law.

Plaintiff also asks the court to adopt the procedure employed by the District Court of Guam in the *Nicolas/Dela Rosa* cases, which procedural posture is remarkably distinct from the case at bar. Moreover, on the one hand, Plaintiffs declare that the Superior Court is not bound by the decisions of the District Court of Guam, but also Plaintiffs asks this court to follow the District Court procedural posture and await the Guam Supreme Court's response to the pending certified question. This request ignores the original jurisdiction of the Guam Superior Court over the laws of Guam which are not within the exclusive jurisdiction of the Supreme Court of Guam or the District Court of Guam. 7 GCA § 4101. This court has issued

*Taitague vs. Guam Regional Medical City, et al., Civil Case No. CV0559-10*
*Decision and Order Denying Plaintiffs'*
*Motion for Relief from Order and Request for Reconsideration*
12 of 13

its Decision and Order on the matter seemingly identical to that which is pending in the District Court, which is well within it authority under 7 GCA § 4101.

Additionally, this court is not bound by a decision of the District Court of Guam which is not a decision of the District Court of Guam's Appellate Division pre-dating the Guam Supreme Court, over a matter which is unaddressed by the Guam Supreme Court. *Amerault v. Intelcom Support Services, Inc.,* 2004 Guam 23 ¶ 11 (Dec. 20, 2004)(citation omitted). Indeed, by certifying the question to the Guam Supreme Court, the District Court noted its deference to the "state's highest court," on matters of Guam law. *Order Certifying Question to Guam Supreme Court* at fn. 2 (Nov. 13, 2020)("whether the [MMMAA] applies turns on a question of statutory interpretation that Guam's judiciary has not addressed, much less resolved.").

Rule 60(b) permits the court to reconsider its decision when (1) the court is presented with new evidence (which "new evidence" has not been presented); (2) the court committed clear error or the decision was manifestly unjust (which the court cannot find, given Plaintiffs rejection of the stay in the first instance); or (3) if there is an intervening change in controlling law (which there is not). For the reasons set forth herein, the Court **DENIES** Defendant's Motion for Reconsideration.

**IT IS FURTHER ORDERED** that this case is dismissed without prejudice.

SO ORDERED, this ____22nd____ day of ____April____ 2021.

_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
R. Keogh
P. Civille

Date:_____Time:___4/22/21___

_____
Deputy Clerk, Superior Court of Guam

*Guam Regional Medical City, et al., Civil Case No. CV0559-10*
*Decision and Order Denying Plaintiffs'*
*Motion for Relief from Order and Request for Reconsideration*
13 of 13